# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TOD TRUETTE TUMEY, et al., § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL CASE NO. H-11-1451 |
| § | |
| CHASE HOME FINANCE LLC, § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs Tod Truette Tumey and Kelli Tumey's Motion to Remand [Doc. # 5], to which Defendant Chase Home Finance LLC ("Chase") filed a Response [Doc. # 6]. Plaintiffs neither filed a Reply nor requested additional time to do so. Having considered the full record and applied governing legal authorities, the Court **denies** Plaintiffs' Motion to Remand.

## I.   BACKGROUND

Plaintiffs filed this lawsuit in the 334th Judicial District Court of Harris County on March 25, 2011, seeking damages based on Chase's conduct during negotiations to modify the mortgage on their real property. On April 15, 2011, Chase filed a timely Notice of Removal.

On May 11, 2011, Plaintiffs filed a timely Motion to Remand.  Plaintiffs argue that the case could not be removed because the jurisdictional amount is not satisfied.  Specifically, Plaintiffs argue that the current "Reinstatement Quote" is $57,441.57, below the federal jurisdictional amount of $75,000.00.  The Motion to Remand is now ripe for decision.

## II.    ANALYSIS

### A.    General Removal Principles

"'Federal courts are courts of limited jurisdiction.'"  *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'"  *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).  The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

### B. <u>Amount in Controversy</u>

Plaintiffs argue that the amount in controversy is below the jurisdictional amount of $75,000.00. Plaintiffs base their argument on the current "Reinstatement Quote" of $57,441.57, which is clearly below the federal jurisdictional amount of $75,000.00.

Plaintiffs assert a misrepresentation claim in which they claim Chase's conduct caused a loss to their "credit reputation." *See* Plaintiffs' Original Petition, attached to Notice of Removal [Doc. # 1], ¶ 14. Plaintiffs also assert a claim under the Texas Deceptive Trade Practices Act and specifically seek to recover under that statute's treble damages provision. *See id.*, ¶ 16. Plaintiffs also seek statutory and exemplary damages. *See id.*, ¶¶ 17-18. Based on Plaintiffs' Original Petition, the amount in controversy in this case is, at a minimum, the $57,441.57 Reinstatement Quote, trebled, plus statutory and exemplary damages. This amount is well above the Court's $75,000.00 jurisdictional amount.

### III. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, the Court concludes that there exists subject matter jurisdiction based on diversity of citizenship and removal of this case was proper. As a result, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 5] is **DENIED**. It is further

**ORDERED** that Plaintiffs shall file any opposition to Defendant's Motion to Dismiss or, Alternatively, Motion for More Definite Statement [Doc. # 4] by **June 17, 2011**. Defendant shall file any reply by **June 27, 2011**.

SIGNED at Houston, Texas, this **9th** day of **June, 2011**.

_____
Nancy F. Atlas
United States District Judge