

TRAVIS L. RICHINS
Direct: (214) 880-1864

Email: trichins@qslwm.com

July 22, 2011

*Via Federal Express*
The Honorable Nancy F. Atlas
United States Courthouse
515 Rusk Avenue
Houston, TX 77002

    Re:    *Tod Truette Tumey and Kelli Tumey vs. Chase Home Finance, LLC*; Civil Action No. 4:11-cv-1451; in the United State District Court of Texas, Houston Division

Dear Judge Atlas:

    Pursuant to Court Procedure 6(C), on behalf of Defendant JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC ("JPMC"), I respectfully request a conference with the Court to resolve a scheduling dispute.

    The parties held their Rule 26(f) conference on July 14, 2011. On July 19, 2011, Plaintiffs Tod Truette Tumey and Kellie Tumey ("Plaintiffs") unilaterally noticed the deposition of JPMC's corporate representative for August 4, 2011 in Dallas. Plaintiffs' notice of deposition was served via facsimile less than an hour after I informed Plaintiffs' counsel that I was working with JPMC to identify available dates and would contact Plaintiffs' counsel to coordinate depositions. I am unavailable on August 4, 2011 due to previously scheduled depositions in another matter on that day.

    On July 22, 2011, I wrote to Plaintiffs' counsel via email, informing him that I am scheduled to take depositions in another matter on August 4, 2011. I also reiterated that I am working with JPMC to identify a corporate representative and available dates. I requested that he cancel the August 4, 2011 deposition and allow me additional time to provide available dates. Plaintiffs' counsel flatly refused my request.

    I do not believe this should be the type of discovery dispute that cannot be resolved without the intervention of the Court, but Plaintiffs' counsel has refused to: (1) reschedule a deposition unilaterally set for a date that is impossible for me to attend due to previously scheduled depositions; and (2) allow me sufficient time to identify a corporate representative and available deposition dates. Discovery had only been open for five days when he unilaterally noticed these depositions.

The Honorable Nancy F. Atlas
July 22, 2011
Page 2

I anticipate a JPMC corporate representative will be available for depositions in late August or early September, which is within six to eight weeks from the beginning of the discovery period in this case. JPMC respectfully requests a conference with the Court to resolve this dispute.

I note that the Court's Procedures contemplate that a conference with the Court be held *before* a party files a motion regarding a scheduling or discovery dispute. Under the Federal Rules, JPMC must file a motion to quash and a motion for protective order before the date of the deposition, August 4, 2011. JPMC, therefore, respectfully requests that the conference be held before August 4, 2011 or that it be given leave to file a motion for protective order before the conference.

I have a family vacation scheduled for July 27 through July 29, 2011 and a status conference in another matter on July 26, 2011 at 2:30 p.m. I am available on July 26, 2011 but this would likely not provide Plaintiffs' counsel sufficient time to respond to this letter before the conference, as required under the Court's Procedures. Therefore, I respectfully request that a conference be set for August 1 or August 2, 2011 or that JPMC be given leave to file a motion to quash and motion for protective order.

As required by the Court's Procedures, a brief summary of the prior out-of-court discovery or scheduling discussions and their outcome is summarized below.

Sincerely,

Travis L. Richins

TLR
3671.0918

A summary of the parties' prior out-of-court scheduling discussions and the outcome of those discussions.

- On July 7, 2011, before the parties' Rule 26(f) conference, counsel for Plaintiffs requested, via email, that JPMC provide dates for the deposition of a corporate representative familiar with certain topics.

- On Friday, July 8, 2011, counsel for JPMC indicated, via email, that Plaintiffs' request was premature because it sought discovery before the parties Rule 26(f) conference in violation of Rule 26(d)(1). Counsel for JPMC suggested that the parties hold their Rule

The Honorable Nancy F. Atlas
July 22, 2011
Page 3

26(f) conference and stated that he was available to confer the following week. The parties agreed to hold their Rule 26(f) conference on July 14, 2011.

- On July 14, 2011, the parties conferred as required under Rule 26(f) via telephone. Counsel for JPMC indicated that JPMC would like to take the depositions of Plaintiffs before offering a corporate representative for deposition. The parties agreed that depositions would be taken during the discovery period, but did not reach any further agreement regarding deposition dates. The same day, JPMC served written discovery on Plaintiffs via certified mail and sent a courtesy copy via email.

- On Friday July 15, 2011, Plaintiffs' counsel responded to the courtesy copy of discovery stating: "Nice move, Travis. Please provide me the deposition dates I previously requested before the end of the day today. I want them in the next three weeks."

- On Tuesday, July 19, 2011, counsel for JPMC responded that he would follow up with his client and get back to Plaintiffs' counsel to discuss possible deposition dates for both the Plaintiffs and JPMC. Less than an hour later, Plaintiffs unilaterally noticed the deposition for August 4, 2011 without conferring regarding the time or location of the deposition.

- On July 22, 2011, counsel for JPMC sent an email to Plaintiffs' counsel stating that JPMC's counsel was working diligently with JPMC to identify a representative who can testify on the topics requested and to identify dates available to JPMC's representative and counsel. JPMC's counsel informed Plaintiffs' counsel that he had previously scheduled depositions in Houston on August 4, 2011 and requested that Plaintiffs' counsel cancel the August 4, 2011 deposition and provide JPMC's counsel more time to identify available dates. Plaintiffs' counsel responded in part: "I asked for deposition dates twice with no response. That entitles me to unilaterally notice them . . . File what you need to file."

cc:   Craig Clendenin
      (Via CMRRR 7003 1680 0005 3655 8603)